IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RACHELL SAENZ,

    Plaintiff,

    v

MICHAEL J ASTRUE, Commissioner of Social Security,

    Defendant.

No C 07-5102 VRW

ORDER

On August 8, 2008, the court granted summary judgment in favor of defendant Michael J Astrue and entered judgment in his favor. Doc ##19-20.

Plaintiff Rachell Saenz has moved for reconsideration of this decision by means of a motion styled "motion to alter or amend" under Rule 59(e) of the Federal Rules of Civil Procedure, asserting that "manifest errors of law" require a different result — specifically, judgment in favor of plaintiff and a remand to the Social Security Administration. Doc #21. Defendant opposes the motion. Doc #22.

\\

While plaintiff's papers are not a model of clarity, it appears that her motion turns on the court's handling of documents in the administrative record that were submitted to the agency after the decision by the administrative law judge (ALJ) for purposes of review by the Appeals Council, especially a checklist-style questionnaire completed by plaintiff's treating physician Kimberly Fordham, MD.  Doc #21 at 3.

Plaintiff begins by asserting that the court "failed to recognize" a "fifth issue" —— to wit, "the Court must Include the Exhibits of Additional Evidence presented to the Appeals Council." Id at 2.  Plaintiff then cites authorities stating that it is appropriate for reviewing courts to consider all evidence in the administrative record, including evidence submitted to the Appeals Council.  E g, Ramirez v Shalala, 8 F3d 1449, 1451-52 (9th Cir 1993)("We consider on appeal both the ALJ's decision and the additional material submitted to the Appeals Council.")  Plaintiff correctly notes that the court cited some of the documents that she submitted to the Appeals Council in its narration of her medical history in the August 8 order.  Doc #21 at 3.

What seems to be the crux of plaintiff's argument is expressed in two parts:  (a) "the Court must simply consider whether the ALJ's September 22, 2006 decision was supported by substantial evidence and free from legal error while reviewing the entire record, including Dr Fordham's [post-decision] medical source statement" and (b) "[b]ecause the ALJ clearly did not consider the documents submitted to the Appeals Council, this Court's reliance on those documents is a post hoc rationalization by the Court."  Doc #21 at 3.  Plaintiff then proceeds to

2

relitigate the merits of the ALJ's decision to discount Dr Fordham's opinion and plaintiff's credibility under the well-known rules applicable to treating physicians and subjective complaints of claimants in this circuit.

Plaintiff's motion rests on several faulty premises. First, the notion that the use of post-decision evidence is an "issue" that the court failed to address is incorrect:  the court was entitled to consider the entire administrative record and did so, including the specific document that is most at issue on this motion.  Doc #19 at 14.  Second, plaintiff's logic would seem to dictate that any time an administrative record contained post-decision evidence favorable to a claimant, reversal and remand would be required, even if the Appeals Council had considered the evidence and denied review.  This is manifestly false.  And third, the report at issue does not represent new medical evidence, but a cumulative opinion from a doctor whose opinion the ALJ had already weighed based on substantial evidence in the record before him. Such evidence does not warrant reversal, as the Appeals Council already determined at the administrative level.

For the foregoing reasons, the motion to amend the judgment is DENIED.


IT IS SO ORDERED.


VAUGHN R WALKER
United States District Chief Judge